IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Allen Rainey, | C/A No. 0:20-693-JFA-BM |
| Plaintiff, | |
| vs. | **ORDER** |
| Chief of Police Steven Rice, Officer Joshua Cauthen, | |
| Defendants. | |

## I.    INTRODUCTION

Christopher Allen Rainey ("Plaintiff"), proceeding *pro se* and *in forma pauperis* brings this action pursuant to 42 U.S.C. § 1983 against Chief of Police Steven Rice ("Rice") and Officer Joshua Cauthen ("Cauthen") (Collectively "Defendants"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 10). The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

On March 13, 2020, the Magistrate Judge filed a Report and Recommendation which recommends that this Court dismiss Plaintiff's complaint without prejudice and without issuance

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

and service of process. Plaintiff timely filed Objections (ECF No. 12) to the Report on March 23, 2020, and thus, the Magistrate Judge's Report is ripe for review.

## II.    LEGAL STANDARD

The Court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## III.    DISCUSSION

The Magistrate Judge correctly opines that Plaintiff's claims are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff claims that Defendants, Chief of Police Steven Rice and Officer Joshua Cauthen, violated his Fourth Amendment rights by subjecting him to an illegal search and seizure.

In *Heck*, the Supreme Court held that "in order to recover damages from allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid,…a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." As the District Court, we must "consider

whether judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the Plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

The Report submits that a judgment in this Court in Plaintiff's favor would necessarily imply the invalidity of Plaintiff's conviction. The Court agrees. Plaintiff alleges that Defendants violated his Fourth Amendment rights when they illegally searched his property and collected evidence which linked Plaintiff to a "break in." Subsequently, Plaintiff pled guilty to the charge of burglary/burglary violent-second degree and was sentenced to eight years of imprisonment.

In *Ballenger v. Owens*, the Fourth Circuit held, "[w]hen evidence derived from an illegal search would have to be suppressed in a criminal case if the judgment in the § 1983 claim were to be applied to the criminal case and the suppression would necessarily invalidate the criminal conviction, the stated principle in *Heck* would apply, and the § 1983 claim would have to be dismissed; there would be no cause of action under § 1983." *Ballenger v. Owens*, 352 F.3d 842, 846 (4th Cir. 2003).

Here, the suppression of the evidence seized pursuant to the challenged search in this § 1983 case would necessarily imply the invalidity of the criminal conviction. If Plaintiff succeeds in demonstrating in this § 1983 case that the search of his property was illegal, the illegality of the search would require the suppression of the evidence seized. In his objections, Plaintiff has failed to advance any circumstances to suggest how the state could convict him of burglary if the property search were to have been found illegal. Additionally, like in *Ballenger*, there could be no independent source or inevitable discovery of the evidence at issue. It was the evidence seized as a result of the alleged illegal search that led to Plaintiff's arrest and subsequent plea, and if that

evidence were suppressed by reason of the illegality of the search, the conviction could not be salvaged.

In his objections, Plaintiff restates that Defendants have violated his Fourth Amendment rights and asserts that Defendants have done "illegal things." Plaintiff has failed to demonstrate, in his objections or complaint, that he has successfully challenged his sentence or conviction. Without proof by the Plaintiff that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254" or additional argument that he would have been convicted regardless of the alleged illegal search, this Court adopts the Report and finds Plaintiff's claims are barred by *Heck*.

Additionally, Plaintiff has a pending state court petition for post-conviction relief. This Court cannot interfere with a state's pending criminal proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 44 (1971). The Court finds that there are no such circumstances present in this case. Finally, to the extent Plaintiff is requesting release from prison, the Court adopts the Report's conclusion that the such relief may only be obtained in a habeas action. Plaintiff has not addressed his pending state court petition or request for release in his objections and without a specific objection to the Report, this Court may adopt the Report without explanation.

Therefore, the Court adopts the Report and Recommendation and finds that Plaintiff's claims are barred by *Heck* and should be dismissed without prejudice.

## IV.     CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately

summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the

Magistrate Judge's Report and Recommendation. (ECF No. 10). Thus, Plaintiff's complaint is

dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.


June 11, 2020                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge

IT IS SO ORDERED.

March 17, 2020
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge